Bryan L. Bleichner (SBN 220340)
**CHESTNUT CAMBRONNE PA**
100 Washington Avenue South, Suite 1700
Minneapolis, MN 55401
Phone: (612) 339-7300
*bbleichner@chesnutcambronne.com*

Gary M. Klinger (*pro hac vice* forthcoming)
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
Telephone: (866) 252-0878
*gklinger@milberg.com*

Terence R. Coates (*pro hac vice* forthcoming)
**MARKOVITS STOCK & DEMARCO, LLC**
119 E. Court St., Ste. 530
Cincinnati, Ohio 45202
Telephone: (855) 843-5442
*tcoates@msdlegal.com*

*Attorneys for Plaintiff and the Proposed Class*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Juliana Scales, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> THORLEY INDUSTRIES, LLC (D/B/A 4MOMS), <br><br> Defendant. | Case No.: <br><br> **CLASS ACTION COMPLAINT** <br><br> <u>**DEMAND FOR JURY TRIAL**</u> <br><br> 1) **Violation of Cal. Bus. & Prof. Code § 17200 et seq.** <br> 2) **Violation of Cal. Bus. & Prof. Code § 17500** <br> 3) **Violation of Cal. Civ. Code § 1750 et seq.** <br> 4) **Unjust Enrichment** <br> 5) **Breach of Express Warranty** <br> 6) **Breach of Implied Warranty** |

**CLASS ACTION COMPLAINT**

## CLASS ACTION COMPLAINT

Plaintiff, Juliana Scales ("Plaintiff"), on behalf of herself and all others similarly situated, brings this class action against Defendant Thorley Industries, LLC (d/b/a 4moms) ("4moms" or "Defendant") and alleges on personal knowledge, investigation of her counsel, and on information and belief as follows:

## INTRODUCTION

1.      Plaintiff files this Complaint on behalf of herself and other similarly situated consumers who purchased MamaRoo Baby Swings, versions 1.0 through 4.0 ("MamaRoo") and/or RockaRoo Baby Rockers ("RockaRoo") (collectively, the "Recalled Products") for personal or household use and not for resale ("Class" or "Class Members").

2.      Plaintiff brings claims under Rule 23 on behalf of a nationwide class and a California subclass.

3.      Defendant manufacturers, distributes, markets, and sells a variety of children's products. Its mission is to "develop dramatically better juvenile products and build a great company."[1]

4.      Defendant sells its products online at its website, 4moms.com, on Amazon.com, and at brick-and-mortar stores nationwide, including Target and BuyBuy Baby.

5.      On August 15, 2022, the U.S. Consumer Product Safety Commission ("CPSC") and 4moms announced the recall of approximately two million MamaRoo swings and 220,000 RockaRoo rockers sold in the United States because when the Recalled Products are not in use, the restraint straps can dangle below the seat and crawling infants can become entangled in the

---

[1] https://www.4moms.com/pages/about-us (Last accessed: Sept. 6, 2022).

2

CLASS ACTION COMPLAINT

dangling straps, posing a strangulation hazard [2] (the "Recall Notice").

6.     Prior to issuing the Recall Notice, Defendant had received two reports of entanglement incidents involving infants who became caught in the strap under the unoccupied MamaRoo infant swing after they crawled under the seat, including a 10-month-old infant who died from asphyxiation, and a 10-month-old infant who suffered bruising to his neck before being rescued by a caregiver.[3]

7.     In its Recall Notice, Defendant recommends consumers with infants who can crawl to "immediately stop using the recalled swings and rockers and place them in an area where crawling infants cannot access. Consumers should contact 4moms immediately to register for a free strap fastener that will prevent the straps from extending under the swing when not in use."[4]

8.     Through its Recall Notice, Defendant provides a free strap fastener that Defendant claims "will prevent the straps from extending under the swing when not in use" (the "Recall").

9.     The Recalled Products were sold from January 2010 through August 2022 for between $160 and $250.

10.     Plaintiff purchased a MamaRoo manufactured by Defendant from a Best Buy in San Rafael, California on or about one year ago in 2021.

11.     Plaintiff regularly used the MamaRoo from the date of purchase until she learned the MamaRoo was recalled.

12.     Plaintiff learned there was a recall of her MamaRoo due to the presence of

---

[2] https://www.4moms.com/pages/safety-and-recall (Last accessed: Sept. 6, 2022).
[3] https://www.cpsc.gov/Recalls/2022/4moms-Recalls-More-than-2-Million-MamaRoo-andRockaRoo-Infant-Swings-and-Rockers-Due-to-Entanglement-and-Strangulation-Hazards-OneDeath-Reported (Last accessed: Sept. 6, 2022).
[4] *Id.*

**CLASS ACTION COMPLAINT**

dangerous straps that could cause her infant to become entangled and/or strangled resulting in injury or death.

13.     Plaintiff seeks to recover damages based on (1) Defendant's violations of Cal. Bus. & Prof. Code § 17200 *et seq*.**;** Violation of Cal. Bus. & Prof. Code § 17500, *et seq*.; Cal. Civ. Code § 1750, *et seq*.; breach of express and implied warranties; and (2) under the theory of unjust enrichment.

14.     Given the massive quantities of the Recalled Products sold all over the country, this class action is the proper vehicle for addressing Defendant's misconduct and for attaining needed relief for those affected.

## PARTIES

15.     Plaintiff Juliana Scales is and was at all times relevant to this matter a resident of the State of California residing in San Rafael, California, which is in San Mateo County.

16.     Defendant is a limited liability corporation organized under the laws of the Commonwealth of Pennsylvania, having a principal place of business at 40 24th Street, Pittsburgh, Pennsylvania 15222. At all relevant times hereto, Defendant has designed, built, manufactured, marketed, distributed, promoted and/or marketed, and sold the Recalled Products nationwide, including in California.

## JURISDICTION AND VENUE

17.     This Court has personal jurisdiction over Defendant in this matter. The acts and/or omissions giving rise to this action occurred in the state of California. Defendant has been afforded due process because it has, at all times relevant to this matter, individually or through its agents, subsidiaries, officers and/or representatives, operated, conducted, engaged in and carried on a business venture in this state and/or maintained an office or agency in this state, and/or marketed,

**CLASS ACTION COMPLAINT**

advertised, distributed and/or sold products, committed a statutory violation within this state related to the allegations made herein, and caused injuries to Plaintiff and putative Class Members, which arose out of the acts and/or omissions that occurred in the state of California, during the relevant time period, at which time Defendant was engaged in business activities in the State of California.

18.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C.§ 1332 of the Class Action Fairness Act of 2005 because: (i) there are 100 or more putative Class Members, (ii) the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (iii) there is minimal diversity because at least one Plaintiff and Defendant are citizens of different states. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

19.     Pursuant to 28 U.S.C. § 1391(a), venue is proper because a substantial part of the events giving rise to the claims asserted occurred in this District. Venue is also proper pursuant to 28 U.S.C. § 1391(c) because Defendant conducts substantial business in this District, has sufficient minimum contacts with this District, and otherwise purposely avails itself of the markets in this District, through the promotion, sale, and marketing of the Products in this District. Venue is also proper because Plaintiff resides in this District.

## INTRADISTRICT ASSIGNMENT

20.     Pursuant to Civil Local Rule 3-2(c-d), a substantial part of the events giving rise to the claims herein arose in Marin County, California and this action should be assigned to the San Francisco Division.

## COMMON FACTUAL ALLEGATIONS

21.     Defendant is a design and technology company whose mission "is to develop

5

dramatically better juvenile products and build a great company. Dramatically better products redefine the most important attribute in their category. Great companies care more than financial success." [5]

22.    Defendant's website also states that Defendant is "dedicated to making the best products for babies and their parents." [6]

23.    Defendant produces baby swings, rockers, bassinets, and play yards. [7]

24.    As part of its mission, Defendant developed, marketed, and sold a variety of baby rocking devices, such as MamaRoo and Rockaroo devices:

**Picture of MamaRoo**



**Picture of RockaRoo**

---

[5] https://www.4moms.com/pages/about-us (last visited: September 29, 2022).
[6] https://www.gbbn.com/work/4momsheadquarters/#:~:text=Pittsburgh%2C%20Pa%20%7C%2065%2C000%20SF (Last accessed: Aug. 17, 2022).
[7] *Id.*

**CLASS ACTION COMPLAINT**



25.     Defendant's MamaRoo and RockaRoo devices cost hundreds of dollars, and Defendant has sold millions of Recalled Products in the United States and Canada.

**Defendant's MamaRoo and RockaRoo Devices are a Clear and Present Danger to Children**

26.     On August 15, 2022, the United States Consumer Product Safety Commission and Defendant announced the recall of two million MamaRoo swings and 220,000 RockaRoo rockers.[8]

27.     The basis, in part, for this recall is that "[w]hen the swing or rocker is not in use, their restraint straps can hang below the seat and the non-occupant crawling infants can become entangled in the straps, posing entanglement and strangulation hazards." [9]

28.     "[Defendant] has received two reports of entanglement incidents involving infants who became caught in the strap under the unoccupied MamaRoo infant swing after they crawled under the set, including a 10-month-old infant who died from asphyxiation, and a 10-month-old

---

[8] https://www.cpsc.gov/Recalls/2022/4moms-Recalls-More-than-2-Million-MamaRoo-and-RockaRoo-Infant-Swings-and-Rockers-Due-to-Entanglement-and-Strangulation-Hazards-One-Death-Reported (last accessed: September 29, 2022).
[9] *Id.*

CLASS ACTION COMPLAINT

infant who suffered bruising to his neck before being rescued by a caregiver." [10]

29.     Defendant admitted that "when the swing or rocker is not in use, their restraining snaps can hang below the seat and non-occupant crawling infants can become entangled in the straps, posing entanglement and strangulation hazards." [11]



30.     Defendant announced the recall would affect "about two million MamaRoo swings and 220,000 RockaRoo rocker." [12]

31.     Defendant's list of recalled items contains the following:

**4moms MamaRoo (model number 4M – 0005)**

---

[10] *Id.*
[11] *Id.*
[12] *Id.*

**CLASS ACTION COMPLAINT**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



**4moms MamaRoo (Model 1026)**



**4moms MamaRoss (model 1037)**



9

**4moms RockaRoo (Model 4M-012)**



32.     The model number for the Recalled Products can be located on the bottom of the unit. [13]



33.     Defendant first learned of the danger that the MamaRoo and RockaRoo pose to children in 2018.

34.     In August 2018, a 10-month-old child was substantially harmed due to the MamaRoo and RockaRoo's product defect. [14]

---

[13] *Id.*
[14] https://saferproducts.gov/PublicSearch/Detail?ReportId=1782312 (last accessed: September 29, 2022).

**CLASS ACTION COMPLAINT**

35.    Specifically, on May 18, 2016, a woman in New York ("Mrs. Doe") purchased a 2016 MamaRoo from Defendant at a Baby's R Us store.

36.    Two months later, Mrs. Doe's 10-month-old child was harmed due to product defect in the MamaRoo. Mrs. Doe wrote:

> There is a space on this product between the base and the seat itself. The straps to hold the baby in the seat connect from the base and go up into the seat. My son crawled through this space and got strangled and the strap got so tightly twisted around his neck I had to cut the strap to loosen him. He suffered marks and popped blood vessels all the way around his neck (as anyone would get if they hung themselves). He also had popped blood vessels around his eyes, also a cause from being strangled. I have pictures. Very scary and is dangerous if anyone has this product and doesn't realize the straps underneath can do this.[15]

37.    Mrs. Doe's child was injured as a result of Defendant's Mamaroo device.

38.    In another incident, the same defect—*i.e.*, when the swing or rocker is not in use, their restraint straps can hang below the seat and the non-occupant crawling infants can become entangled in the straps, posing entanglement and strangulation hazards—led to the asphyxiation death of a ten-month-old infant. [16]

39.    The Recalled Products are a clear and present to danger that can result in death by strangulation.

**Defendant's Recall is Insufficient and has Rendered the MamaRoo and RockaRoo Devices Worthless**

40.    Despite becoming aware of the hazard posed by the Recalled Products as early as 2018, Defendant did not issue any recall or disclose the known hazards of any device until August 15, 2022.

41.    On August 15, 2022, Defendant issued a recall of the MamaRoo and RockaRoo

---

[15] *Id.*

[16] https://www.buzzfeednews.com/article/paigeskinner/mamaroo-rockaroo-recalled (last visited: September 29, 2022).

CLASS ACTION COMPLAINT

devices. [17]

42.     Under the recall, "[c]onsumers with infants who can crawl should immediately stop using the recalled swings and rockers, place them in an area where crawling infants cannot access and contact 4moms immediately to register for a free strap fastener that will prevent the straps from extending under the swing when not in use." [18]

43.     In other words, Defendant's recall does not replace the MamaRoo or RockaRoo—it just adds a strap fastener that allegedly prevents infant strangulation.

44.     Other than blanket statements, Defendant's recall does not provide any evidence that the strap fastener actually prevents infant strangulation.

45.     Defendant's recall does not provide any instruction on how to install the strap fastener. As such, it is possible that a reasonable consumer could improperly install the strap fastener and thus render it unworkable.

46.     Defendant's recall does not offer any monetary compensation for Recalled Products.

47.     Defendant's recall and its remedy therein is wholly insufficient.

48.     As a result of the health and safety risks to infants associated with the use and nonuse of the Recalled Products, together with Defendant's concealment of these risks from the date they were first to Defendant or discovery by Defendant through August 15, 2022, the Recalled Products have been rendered completely worthless or, at the very least, have been substantially diminished in value.

49.     The information described above, including the now-known health and safety

---

[17] *See supra* Fn 3.
[18] *Id.*

**CLASS ACTION COMPLAINT**

risks to infants of the Recalled Products, the recall, and medical warnings and advice issued by Defendant, have rendered the Recalled Products worthless to consumers. If parents of infants choose to discontinue use of the Recalled Products, they must pay for another expensive device for their infants.

50.     Defendant's recall is insufficient because the MamaRoo and RockaRoo have been rendered worthless as a result of the product defect.

51.     Defendant's recall is insufficient because the MamaRoo and Rockaroo have, at least, been substantially diminished in value.

52.     As a result of the above, Plaintiff and Class Members will have to undertake considerable expense replacing the Recalled Products and can no longer resell the MamaRoo or RockaRoo for any value.

53.     As a result of the above, Plaintiffs and Class Members have suffered significant financial harm.

**Defendant's False and Deceptive Advertising and Labeling of the Products.**

54.     Despite learning the Recalled Products may harm or even kill infant children as early as 2018, Defendant did not disclose the hazards of Recalled Products—including risk of strangulation—to purchasers or users until August 15, 2022.

55.     Defendant concealed the hazards of the Recalled Products for 4 years.

56.     Despite knowing the hazards of the Recalled Products, Defendant continue to market the Recalled Products as "safe" for at least 4 years.

57.     During this time, Defendant unreasonably and unjustly profited from the manufacture and sale of the Recalled Products and unreasonably put infants at risk of development and strangulation.

**CLASS ACTION COMPLAINT**

58.     In violation of 21 U.S.C. § 362(a) and 21 C.F.R. § 701.1(b), Defendant has consistently, falsely and deceptively advertised and labeled the Recalled Products were safe for use.

59.     Since launching the Recalled Products, Defendant has consistently conveyed its uniform, deceptive message to consumers throughout the United States, including the state of California, that the Recalled Products are safe for use.

60.     These uniform deceptive claims have been made and repeated across a variety of media including Defendant's Products' labels, websites and online promotional materials, and at the point-of-purchase, where they cannot be missed by consumers. In truth, Defendant's claims that the Recalled Products were safe was false, misleading, and deceptive because the Recalled Products lead to the risk of infant strangulation.

61.     Upon information and belief, Defendant knowingly permitted the manufacture and sale of the Recalled Products that were dangerous and unfit for sale.

62.     Prior to placing the Products into the stream of commerce for sale to Plaintiff and Class Members, Defendant was aware or should have been aware that the Recalled Products were unsafe and could lead to infant strangulation or, at least a substantial risk thereof.

63.     Defendant knew, or but for its reckless indifference would have known, prior to Plaintiff's and Class Members' Class's purchases of the Recalled Products that it would continue to receive complaints of infant choking and/or strangulation.

64.     Defendant knew, or but for its reckless indifference would have known, that: (a) the risk of infant strangulation was substantial; (b) Defendant's customers were unaware of that substantial risk, and (c) those customers had a reasonable expectation that Defendant would not sell the Recalled Products under those conditions.

**CLASS ACTION COMPLAINT**

65.     Despite such knowledge, Defendant did not disclose to prospective purchasers, that there was a substantial risk of infant strangulation. Defendant instead continued to claim that the Recalled Products were safe.

66.     However, despite the representation that the Recalled Products were safe, there was a substantial risk of infant strangulation.

67.     Upon information and belief, Defendant reinforced the false and deceptive claims that the Recalled Products were safe through the websites of various authorized retailers and on its own product websites.

## PLAINTIFF'S FACTUAL ALLEGATIONS

68.     Plaintiff purchased the MamaRoo at Best Buy in San Rafael, California. Before purchasing the Recalled Products, Plaintiff reviewed information about the Recalled Products on the Recalled Products' labels and the fact that the Recalled Products were being sold for personal use, and not resale.

69.     At the time of purchasing her Recalled Products, Plaintiff also reviewed the accompanying disclosures and marketing materials, and understood them as representations made by Defendant that the Recalled Products were safe for their children to use.

70.     Plaintiff relied on these representations and in deciding to purchase Defendant's Recalled Products.

71.     Accordingly, these representations were part of the basis of the bargain, in that she would not have purchased the Recalled Products had she known these representations were not true.

72.     Here, Plaintiff did not receive the benefit of her bargain because Defendant's Recalled Products are not safe to use by children. Instead, the restraint straps can dangle below the

**CLASS ACTION COMPLAINT**

seat and crawling infants can become entangled in the dangling straps, posing a strangulation hazard.

73.    As a result of Defendant's concealment, misrepresentations and omissions, Plaintiff purchased the Recalled Products. Had Plaintiff known the true nature of the Recalled Products, she would not have purchased the Recalled Products.

74.    As a result of Defendant's conduct, Plaintiff has suffered financial because the Recalled Product that she purchased is now worthless or, at least, substantially diminished in value.

## ESTOPPEL FROM PLEADING AND
## TOLLING OF APPLICABLE STATUTES OF LIMITATIONS

75.    Plaintiff and the members of the Class had no way of knowing about Defendant's conduct with respect to the strangulation risks associated with the use and non-use of the Recalled Products.

76.    Neither Plaintiff nor any other members of the Class, through the exercise of reasonable care, could have discovered the conduct by Defendant alleged herein. Further, Plaintiff and Class Members did not discover and did not know facts that would have caused a reasonable person to suspect that Defendant was engaged in the conduct alleged herein.

77.    For these reasons, all applicable statutes of limitation have been tolled by the discovery rule with respect to claims asserted by Plaintiff and the Class.

78.    Further, by failing to provide immediate notice of the risks of strangulation associated with continued use and non-use of the Recalled Products, 4moms concealed its conduct and the existence of the claims asserted herein from Plaintiff and the members of the Class.

79.    Upon information and belief, Defendant intended its acts to conceal the facts and claims from Plaintiff and members of the Class. Plaintiff and members of the Class were unaware of the facts alleged herein without any fault or lack of diligence on their part and could not have

reasonably discovered 4moms conduct. For this reason, any statute of limitations that otherwise may apply to claims of Plaintiff or members of the Class should be tolled.

80.     Once Plaintiff learned about the recall, she promptly acted to preserve her rights, filing this action. Defendant is estopped from asserting any statute of limitation defense that might otherwise be applicable to the claims asserted herein.

## **CLASS ACTION ALLEGATIONS**

81.     Plaintiff brings this action on behalf of herself and the following Classes pursuant to Federal Rule of Civil Procedure 23(a), (b)(2) and/or (b)(3). Specifically, the Classes are defined as:

> **National Class**: All persons in the United States who purchased the Recalled Products for personal use and not for resale from January 2010 through August 2022.

82.     In the alternative, Plaintiff brings this action on behalf of the following State Sub-Class:

> **California Sub-Class**: All persons in the State of California who purchased the Recalled Products for personal use and not for resale from January 2010 through August 2022.

83.     Excluded from the Classes are (a) any officers, directors or employees, or immediate family members of the officers, directors or employees, of any Defendant or any entity in which a Defendant has a controlling interest, (b) any legal counsel or employee of legal counsel for any Defendant, and (c) the presiding Judge in this lawsuit, as well as the Judge's staff and their immediate family members.

84.     Plaintiff reserves the right to amend the definition of the Classes if discovery or further investigation reveals that the Classes should be expanded or otherwise modified.

85.     **Numerosity – Federal Rule of Civil Procedure 23(a)(1).** Class Members are so

CLASS ACTION COMPLAINT

numerous and geographically dispersed that joinder of all Class Members is impracticable. While the exact number of Class Members remains unknown at this time, upon information and belief, there are thousands, if not hundreds of thousands, of putative Class Members. Moreover, the number of members of the Classes may be ascertained from Defendant's books and records. Class Members may be notified of the pendency of this action by mail and/or electronic mail, which can be supplemented if deemed necessary or appropriate by the Court with published notice.

86.     **Predominance of Common Questions of Law and Fact – Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3).** Common questions of law and fact exist as to all Class Members and predominate over any questions affecting only individual Class Members. These common legal and factual questions include, but are not limited to, the following:

   a.   Whether the Recalled Products contain the defect alleged herein;

   b.   Whether Defendant failed to appropriately warn Class Members of the damage that could result from use of the Recalled Products;

   c.   Whether Defendant had actual or imputed knowledge of the defect but did not disclose it to Plaintiff and the Classes;

   d.   Whether Defendant promoted the Recalled Products with false and misleading statements of fact and material omissions;

   e.   Whether Defendant's marketing, advertising, packaging, labeling, and/or other promotional materials for the Recalled Products are deceptive, unfair or misleading;

   f.   Whether Defendant's actions and omissions violate California law;

   g.   Whether Defendant's conduct violates public policy;

   h.   Whether Plaintiff and putative members of the Classes have suffered an ascertainable loss of monies or property or other value as a result of Defendant's acts, omissions or misrepresentations of material facts;

   i.   Whether Defendant was unjustly enriched at the expense of Plaintiff and members of the putative Classes in connection with selling the Recalled Products;

CLASS ACTION COMPLAINT

j. Whether Plaintiff and members of the putative Classes are entitled to monetary damages and, if so, the nature of such relief; and

k. Whether Plaintiff and members of the putative Classes are entitled to equitable, declaratory or injunctive relief and, if so, the nature of such relief.

87. Pursuant to Rule 23(b)(2), Defendant has acted or refused to act on grounds generally applicable to the putative Classes, thereby making final injunctive or corresponding declaratory relief appropriate with respect to the putative Classes as a whole. In particular, Defendant has manufactured, marketed, advertised, distributed and sold the Recalled Products that are deceptively misrepresented as being safe and appropriate for human and infant use when they are not.

88. **Typicality – Federal Rule of Civil Procedure 23(a)(3).** Plaintiff's claims are typical of those of the absent Class Members in that Plaintiff and the Class Members each purchased and used the Recalled Products and each sustained damages arising from Defendant's wrongful conduct, as alleged more fully herein. Plaintiff shares the aforementioned facts and legal claims or questions with putative members of the Classes, and Plaintiff and all members of the putative Classes have been similarly affected by Defendant's common course of conduct alleged herein. Plaintiff and all members of the putative Classes sustained monetary and economic injuries including, but not limited to, ascertainable loss arising out of Defendant's deceptive misrepresentations regarding the Recalled Products being safe and appropriate for human and infant use.

89. **Adequacy – Federal Rule of Civil Procedure 23(a)(4).** Plaintiff will fairly and adequately represent and protect the interests of the members of the putative Classes. Plaintiff has retained counsel with substantial experience in handling complex class action litigation, including complex questions that arise in this type of consumer protection litigation. Further,

**CLASS ACTION COMPLAINT**

Plaintiff and her counsel are committed to the vigorous prosecution of this action. Plaintiff does not have any conflicts of interest or interests adverse to those of putative Classes.

90.     **Insufficiency of Separate Actions – Federal Rule of Civil Procedure 23(b)(1).** Absent a class action, Plaintiff and members of the Classes will continue to suffer the harm described herein, for which they would have no remedy. Even if separate actions could be brought by individual consumers, the resulting multiplicity of lawsuits would cause undue burden and expense for both the Court and the litigants, as well as create a risk of inconsistent rulings and adjudications that might be dispositive of the interests of similarly situated consumers, substantially impeding their ability to protect their interests, while establishing incompatible standards of conduct for Defendant. Accordingly, the proposed Classes satisfy the requirements of Fed. R. Civ. P. 23(b)(1).

91.     **Declaratory and Injunctive Relief – Federal Rule of Civil Procedure 23(b)(2).** Defendant has acted or refused to act on grounds generally applicable to Plaintiff and all Members of the Classes, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to the members of the Classes as a whole.

92.     **Superiority – Federal Rule of Civil Procedure 23(b)(3).** A class action is superior to any other available methods for the fair and efficient adjudication of the present controversy for at least the following reasons:

> a.  The damages suffered by each individual members of the putative Classes do not justify the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendant's conduct;
>
> b.  Even if individual members of the Classes had the resources to pursue individual litigation, it would be unduly burdensome to the courts in which the individual litigation would proceed;
>
> c.  The claims presented in this case predominate over any questions of law or fact affecting individual members of the Classes;

20

CLASS ACTION COMPLAINT

d.  Individual joinder of all members of the Classes is impracticable;

e.  Absent a Class, Plaintiff and members of the putative Classes will continue to suffer harm as a result of Defendant's unlawful conduct; and

f.  This action presents no difficulty that would impede its management by the Court as a class action, which is the best available means by which Plaintiff and members of the putative Classes can seek redress for the harm caused by Defendant.

93.  In the alternative, the Classes may be certified for the following reasons:

a.  The prosecution of separate actions by individual members of the Classes would create a risk of inconsistent or varying adjudication with respect to individual members of the Classes, which would establish incompatible standards of conduct for Defendant;

b.  Adjudications of claims of the individual members of the Classes against Defendant would, as a practical matter, be dispositive of the interests of other members of the putative Classes who are not parties to the adjudication and may substantially impair or impede the ability of other putative Class Members to protect their interests; and

c.  Defendant has acted or refused to act on grounds generally applicable to the members of the putative Classes, thereby making appropriate final and injunctive relief with respect to the putative Classes as a whole.

## <u>CLAIMS FOR RELIEF</u>

### <u>COUNT I</u>
**Violation of California's Unfair Competition Law**
**Cal. Bus. & Prof. Code § 17200 et seq. ("UCL")**
**(On Behalf of the California Sub-Class)**

94.  Plaintiff re-alleges and incorporates by reference the foregoing allegations as though set forth fully herein.

95.  The UCL prohibits any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200.

96.  The acts, omissions, misrepresentations, practices, and non-disclosures of Defendant as alleged herein constitute business acts and practices.

21

CLASS ACTION COMPLAINT

97.     Unlawful: The acts alleged herein are "unlawful" under the UCL in that they violate at least the following laws:

        a. The False Advertising Law, Cal. Bus. & Prof. Code §§ 17500 et seq.; and

        b. The Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750 et seq.;

98.     Unfair: Defendant's conduct with respect to the labeling, advertising, and sale of the Recalled Products was "unfair" because Defendant's conduct was immoral, unethical, unscrupulous, or substantially injurious to consumers and the utility of their conduct, if any, does not outweigh the gravity of the harm to their victims.

99.     Defendant's conduct with respect to the labeling, advertising, and sale of the Recalled Products was and is also unfair because it violates public policy as declared by specific constitutional, statutory or regulatory provisions, including but not limited to the applicable sections of: the Consumers Legal Remedies Act and the False Advertising Law.

100.     Defendant's conduct with respect to the labeling, advertising, and sale of the Recalled Products was and is unfair because the consumer injury was substantial, not outweighed by benefits to consumers or competition, and not one consumer themselves could reasonably have avoided.

101.     Fraudulent: A statement or practice is "fraudulent" under the UCL if it is likely to mislead or deceive the public, applying an objective reasonable consumer test.

102.     As set forth herein, Defendant repeatedly advertised on the labels and packaging for the Recalled Products, on Defendant's websites, and through national advertising campaigns, among other items, that the Recalled Products were safe and fit for infant use.

103.     Defendant failed to disclose the material information that the straps used in the Recalled Products, and that the Recalled Products themselves, were unsafe and unfit for infant use.

**CLASS ACTION COMPLAINT**

104.    Defendant profited from its sale of the falsely, deceptively, and unlawfully advertised Recalled Products to unwary consumers.

105.    Plaintiff and Class Members are likely to continue to be damaged by Defendant's deceptive trade practices, because Defendant continues to disseminate misleading information on the Recalled Products' packaging. Thus, injunctive relief enjoining Defendant's deceptive practices is proper.

106.    Defendant's conduct caused and continues to cause substantial injury to Plaintiff and the other Class Members. Plaintiff has suffered injury in fact as a result of Defendant's unlawful conduct.

107.    In accordance with Bus. & Prof. Code § 17203, Plaintiff seeks an order enjoining Defendant from continuing to conduct business through unlawful, unfair, and/or fraudulent acts and practices, and to commence a corrective advertising campaign.

108.    Plaintiff and the Class also seek an order for and restitution of all monies from the sale of the Recalled Products, which were unjustly acquired through acts of unlawful competition.

### COUNT II
**Violation California's False Advertising Law**
**Cal. Bus. & Prof. Code § 17500 ("FAL")**
**(On Behalf of the California Sub-Class)**

109.    Plaintiff repeats and realleges the foregoing allegations in paragraphs as if fully set forth herein.

110.    The FAL provides that "[i]t is unlawful for any person, firm, corporation or association, or any employee thereof with intent directly or indirectly to dispose of real or personal property or to perform services" to disseminate any statement "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading." Cal. Bus. & Prof. Code § 17500.

23

CLASS ACTION COMPLAINT

111.    It is also unlawful under the FAL to disseminate statements concerning property or services that are "untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading." *Id*.

112.    As alleged herein, the advertisements, labeling, policies, acts, and practices of Defendant relating to the Recalled Products misled consumers acting reasonably as to the safety of the Recalled Products' ability to be used safely by infants as intended.

113.    Plaintiff suffered injury in fact as a result of Defendant's actions as set forth herein because she purchased the Products in reliance on Defendant's false and misleading claims that the Recalled Products, among other things, were safe and fit for infant use.

114.    Defendant's business practices as alleged herein constitute deceptive, untrue, and misleading advertising pursuant to the FAL because Defendant has advertised the Recalled Products in a manner that is untrue and misleading, which Defendant knew or reasonably should have known, and omitted material information from its advertising.

115.    Defendant's representations and omissions were material because they were likely to deceive reasonable consumers to induce them to purchase and use the Recalled Products without being aware that the potential lethal impact of the straps used in the Recalled Products, and therefore the Recalled Products themselves, were unsafe and unfit for infant use.

116.    Defendant profited from its sale of the falsely and deceptively advertised Recalled Products to unwary consumers.

117.    As a result, Plaintiff, the California Sub-Class members, and the general public are entitled to injunctive and equitable relief, restitution, and an order for the disgorgement of the funds by which Defendant was unjustly enriched.

118.    As a direct and proximate result of Defendant's unfair and deceptive acts or

CLASS ACTION COMPLAINT

1  practices, Plaintiff and the Class suffered damages by purchasing the Recalled Products because

2  they would not have purchased or used the Recalled Products had they known the truth, and they

3  received a product that was worthless because it contained unsafe straps which can cause a

4  number of adverse health effects, including strangulation and asphyxiation.

5  119.    Pursuant to Cal. Bus. & Prof. Code § 17535, Plaintiff, on behalf of herself and

6  the California Sub-Class, seeks an order enjoining Defendant from continuing to engage in

7  deceptive business practices, false advertising, and any other act prohibited by law, including

8  those set forth in this Complaint.

**COUNT III**
**Violation of California's Consumer Legal Remedies Act**
**Cal. Civ. Code § 1750 et seq. ("CLRA")**
**(On Behalf of the California Sub-Class)**

120.    Plaintiff repeats and realleges the foregoing allegations as if fully set forth herein.

121.    The CLRA prohibits deceptive practices in connection with the conduct of a

business that provides goods, property, or services primarily for personal, family, or household

purposes.

122.    Defendant's false and misleading labeling and other policies, acts, and practices

were designed to, and did, induce the purchase and use of the Recalled Products for personal,

family, or household purposes by Plaintiff and Class Members, and violated and continue to

violate the following sections of the CLRA:

a. § 1770(a)(5): representing that goods have characteristics, uses, or

benefits which they do not have;

b. § 1770(a)(7): representing that goods are of a particular standard,

quality, or grade if they are of another;

c. § 1770(a)(9): advertising goods with intent not to sell them as

25

advertised; and

       d. § 1770(a)(16): representing the subject of a transaction has been supplied in accordance with a previous representation when it has not.

123.    Defendant profited from the sale of the falsely, deceptively, and unlawfully advertised Recalled Products to unwary consumers.

124.    Defendant's wrongful business practices constituted, and constitute, a continuing course of conduct in violation of the CLRA.

125.    Pursuant to the provisions of Cal. Civ. Code § 1782(a), Plaintiff will provide a letter to Defendant concurrently with the filing of this Class Action Complaint or shortly thereafter with notice of its alleged violations of the CLRA, demanding that Defendant correct such violations, and providing it with the opportunity to correct its business practices. If Defendant does not thereafter correct its business practices, Plaintiff will amend (or seek leave to amend) the complaint to add claims for monetary relief, including restitution and actual damages under the Consumers Legal Remedies Act.

126.    Pursuant to California Civil Code § 1780, Plaintiff seeks injunctive relief, her reasonable attorney fees and costs, and any other relief that the Court deems proper.

**COUNT IV**
**Unjust Enrichment**
**(On Behalf of the Nationwide and/or**
**California Sub-Class)**

127.    Plaintiff repeats and realleges the allegations in the foregoing paragraphs as if fully set forth herein.

128.    Plaintiff brings this cause of action on behalf of herself, and the putative Classes against Defendant under California law.

129.    Plaintiff and putative Class Members conferred a benefit on Defendant when

CLASS ACTION COMPLAINT

they purchased the Recalled Products, of which Defendant had knowledge.

130.   Defendant either knew or should have known that the payments rendered by Plaintiff and the Class was given with the expectation that the Recalled Products would have the qualities, characteristics and suitability for use represented and warranted by 4moms. As such, it would be inequitable for Defendant to retain the benefit of the payments under these circumstances.

131.   By its wrongful acts and omissions described herein, including selling the Recalled Products, which contain a defect described in detail above and did not otherwise perform as represented and for the particular purpose for which they were intended, Defendant was unjustly enriched at the expense of Plaintiff and putative Class Members.

132.   Plaintiff's detriment and Defendant's enrichment were related to and flowed from the wrongful conduct challenged in this Complaint.

133.   Defendant has profited from its unlawful, unfair, misleading, and deceptive practices at the expense of Plaintiff and putative Class Members under circumstances in which it would be unjust for Defendant to be permitted to retain the benefit. It would be inequitable for Defendant to retain the profits, benefits, and other compensation obtained from its wrongful conduct as described herein in connection with selling the Recalled Products.

134.   Defendant has been unjustly enriched in retaining the revenues derived from Class Members' purchases of the Recalled Products, which retention of such revenues under these circumstances is unjust and inequitable because Defendant manufactured the defective Recalled Products, and Defendant misrepresented the nature of the Recalled Products, misrepresented their characteristics, and knowingly marketed and promoted dangerous and defective Recalled Products, which caused injuries to Plaintiff and the Class because they would

CLASS ACTION COMPLAINT

not have purchased the Recalled Products based on the same representations if the true facts concerning the Recalled Products had been known.

135. Plaintiff and Class Members have been damaged as a direct and proximate result of Defendant's unjust enrichment because they would not have purchased the Recalled Products on the same terms or for the same price had they known the true nature of the Recalled Products and the misstatements regarding what the Recalled Products were and their characteristics.

136. Defendant either knew or should have known that payments rendered by Plaintiff and putative Class Members were given and received with the expectation that the Recalled Products would work as represented by Defendant in advertising, on Defendant's websites, and on the Recalled Products' labels and packaging. It is inequitable for Defendant to retain the benefit of payments under these circumstances.

137. Plaintiff and Class Members are entitled to recover from Defendant all amounts wrongfully collected and improperly retained by Defendant.

138. When required, Plaintiff and Class Members are in privity with Defendant because Defendant's sale of the Recalled Products was either direct or through authorized sellers. Purchase through authorized sellers is sufficient to create such privity because such authorized sellers are Defendant's agents for the purpose of the sale of the Recalled Products.

139. As a direct and proximate result of Defendant's wrongful conduct and unjust enrichment, Plaintiff and putative Class Members are entitled to restitution of, disgorgement of, and/or imposition of a constructive trust upon all profits, benefits, and other compensation obtained by Defendant for their inequitable and unlawful conduct.

## COUNT V
### Breach of Express Warranty

140. Plaintiff incorporates the foregoing allegation as if fully set forth herein.

**CLASS ACTION COMPLAINT**

141.    Plaintiff Plaintiffs bring this claim on behalf of themselves individually and on behalf of the Class.

142.    Defendant marketed and sold the Recalled Products into the stream of commerce with the intent that the Recalled Products would be purchased or used by Plaintiffs and Class Members.

143.    Defendant expressly warranted, advertise, and represented to Plaintiffs and Class Members that the Recalled Products were safe and appropriate for use.

144.    Defendant expressly warranted, advertised, and represented to Plaintiffs and Class Members that the Recalled Products were safe and appropriate for use.

145.    Defendant made these express warranties regarding the Recalled Products' quality and fitness for use in writing through its website, advertisements, and marketing materials, and on the Recalled Products' packaging and labels. These express warranties became part of that bargain that Plaintiffs and Class Members entered into upon purchasing the Recalled Products.

146.    Defendant's advertisements, warranties, representations, and omissions regarding the health risks associated with Recalled Product, were made in connection with the sale of Recalled Products to Plaintiffs and Class Members.

147.    Plaintiffs and Class Members justifiably relied on Defendant's advertisements, warranties, representations, and omissions regarding the Recalled Products in deciding whether to purchase and/or use Defendant's Recalled Products.

148.    Defendant's Recalled Products do not conform to Defendant's advertisements, warranties, representations and omissions in that they are not safe and appropriate for human and infant use, and pose risks of serious injury, including strangulation.

CLASS ACTION COMPLAINT

149.    Defendant therefore breached its express warranties by placing Recalled Products into the stream of commerce and selling them to consumers, when their use posed health and safety risks, had dangerous effects and were unsafe, rendering these products unfit for their intended use and purpose, and unsafe and unsuitable for infant use as marketed by Defendant. These associated health and safety effect substantially impair the use, value, safety or the Recalled Products, and render them worthless.

150.    Defendant was aware, or should have been aware, of the danger to health and safety of the use and non-use of the Recalled Products, but nowhere on the packaging label or package inserts or on Defendant's websites or other marketing material did Defendant warn Plaintiff and Class Members that their infants were at risk of strangulation as a result of the dangerous straps used in the Recalled Products.

151.    Instead, Defendant concealed the dangerous health and safety effects of the straps used in the Recalled Products and deceptively represented that these products were safe and appropriate for infant use since at least August 2018.

152.    Defendant thus utterly failed to ensure that the material representations they were making to consumers were true.

153.    The adverse health and safety effects associated with the use and non-use of the Recalled Products existed when they left Defendant's possession or control and were sold to Plaintiffs and members of the Class.

154.    The dangers associated with use and non-use of the Recalled Products was undiscoverable by Plaintiffs and members of the Class at the time of purchase of the Recalled Products.

155.    As manufacturers, marketers, advertisers, distributors and sellers of the Recalled

Products, Defendant had exclusive knowledge and notice of the fact that the Recalled Products did not conform to the affirmations of fact and promises.

156.   In addition, or in the alternative, to the formation of an express contract, 4moms made each of the above-described representations and omissions to induce Plaintiffs and members of the Class to rely on such representations and omissions.

157.   Defendant's affirmations of fact and promises and its omissions were material, and Plaintiffs and members of the Class reasonably relied upon such representations and omissions in purchasing and/or using the Recalled Products.

158.   Plaintiffs and Class Members have performed all conditions precedent to Defendant's liability for its breach of express warranty.

159.   As a direct and proximate result of 4moms' breaches of express warranty, Plaintiffs and members of the Class have been damaged because they did not receive the products as specifically warranted by Defendant. Plaintiffs and members of the Class did not receive the benefit of the bargain and suffered damages at the point of sale stemming from their payment for the Recalled Products.

160.   Plaintiffs and the Class seek actual damages, attorneys' fees, costs and any other just and proper relief available thereunder for Defendant's failure to deliver goods conforming to their express warranties and resulting breach.

## COUNT VI
### Breach of Implied Warranty

161.   Plaintiff incorporates the foregoing allegation as if fully set forth herein.

162.   Defendant is a merchant engaged in the sale of goods to Plaintiff and Class Members.

163.   At all times mentioned herein, Defendant manufactured or supplied the Recalled

CLASS ACTION COMPLAINT

Products, and prior to the time the Recalled Products were purchased or used by Plaintiff and Class Members, Defendant impliedly warranted to them that the Recalled Products were of merchantable quality, fit for their ordinary use and conformed to the promises and affirmation of fact and omissions made on the Recalled Products' labels and packaging, including that the Recalled Products were safe and appropriate for infant use.

164.     Plaintiff and Class Members relied on Defendant's promises and affirmations of fact and omission when they purchased and used the Recalled Products.

165.     Contrary to these representations and warranties, the Recalled Products were not fit for their ordinary use and did not conform to Defendant's affirmations of fact and promises and omissions because use of the. Recalled Products is accompanied by the risk of strangulation, which does not conform to the labels and packaging of these devices.

166.     Defendant breached its implied warranties by selling Recalled Products that failed to conform to the promises or affirmations of fact made on the packing or label, as use of each Recalled Products was accompanied by the risks of strangulation that do not conform to the packaging or label.

167.     Privity exists because Defendant impliedly warranted to Plaintiff and Class Members through warranting, packaging, advertising, marketing, and labeling that the Recalled Products were safe for infant use and made no mention of the risks for strangulation associated with use of the Recalled Products.

168.     As a direct and proximate result of Defendant's conduct, Plaintiff and the Class have suffered actual damages in that each Recalled Product they purchased is worth less than the price they paid and which they would not have purchased or used at all had they known of the attendant risks to infants associated with the use of each Recalled Device.

**CLASS ACTION COMPLAINT**

169.    Plaintiff and the Class Members seek actual damages, attorneys' fees, costs and any other just and proper relief available thereunder for Defendant's failure to deliver goods conforming to their implied warranties and resulting breach.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all other similarly situated members of the Classes, prays for relief and judgment, including entry of an order:

A. Declaring that this action is properly maintained as a class action, certifying the proposed Class(es), appointing Plaintiff as Class Representative and appointing Plaintiff's counsel as Class Counsel;

B. Directing that Defendant bear the costs of any notice sent to the Class(es);

C. Declaring that Defendant must disgorge, for the benefit of the Class(es), all or part of the ill-gotten profits they received from the sale of the Recalled Products, or order Defendant to make full restitution to Plaintiff and the members of the Class(es) except that no monetary relief is presently sought for violations of the Consumers Legal Remedies Act;

D. Awarding restitution and other appropriate equitable relief;

E. Granting an injunction against Defendant to enjoin it from conducting its business through the unlawful, unfair and fraudulent acts or practices set forth herein;

F. Granting an Order requiring Defendant to fully and appropriately recall the Recall Products, to remove the claims on its website and elsewhere that the Recalled Products are safe to use, and to fully and properly disclose the safety risks associated with the Recalled Products to anyone who may still be at risk of buying and using the Recalled Products;

G. Ordering a jury trial and damages according to proof;

H. Awarding Plaintiff and members of the Class(es) statutory damages, as provided by the applicable state consumer protection statutes invoked above, except that no monetary relief is presently sought for violations of the Consumers Legal Remedies Act;

I. Enjoining Defendant from continuing to engage in the unlawful and unfair business acts and practices as alleged herein;

J. Awarding attorneys' fees and litigation costs to Plaintiff and members of the Class(es);

33

CLASS ACTION COMPLAINT

1  K. Awarding civil penalties, prejudgment interest and punitive damages as permitted by law;
2     and

3  L. Ordering such other and further relief as the Court deems just and proper.

4                                **JURY DEMAND**

5        Plaintiff demands a trial by jury of all claims in this Complaint so triable.

6

7  Dated: October 20, 2022                    Respectfully submitted,

8                                             /s/ Bryan L. Bleichner
                                              Bryan L. Bleichner (SBN 220340)
9                                             **CHESTNUT CAMBRONNE PA**
                                              100 Washington Avenue South
10                                            Suite 1700
                                              Minneapolis, MN 55401
11                                            Telephone: (612) 339-7300
                                              *bbleichner@chestnutcambronne.com*
12

13                                            Gary M. Klinger (*pro hac vice* forthcoming)
                                              **MILBERG COLEMAN BRYSON**
14                                            **PHILLIPS GROSSMAN, PLLC**
                                              227 W. Monroe Street, Suite 2100
15                                            Chicago, IL 60606
                                              Telephone: (202) 429-2290
16                                            *gklinger@milberg.com*

17
                                              Terence R. Coates (*pro hac vice*
18                                            forthcoming)
                                              **MARKOVITS, STOCK & DEMARCO,**
19                                            **LLC**
                                              119 E. Court St., Ste. 530
20                                            Cincinnati, Ohio 45202
                                              Telephone: (855) 843-5442
21                                            *tcoates@msdlegal.com*
22

23                                            *Attorneys for Plaintiff and Putative Class Members*
24
25
26
27
28                              34

**CLRA Venue Declaration**
**Pursuant to California Civil Code Section 1780(d)**

I, _____, declare as follows:

1.      I am an attorney at law licensed to practice in the State of California and a member of the bar of this Court. I am an attorney at _____ counsel of record for Plaintiff in this action. I have personal knowledge of the facts set forth in this declaration and, if call as a witness, I could and would competently testify thereto under oath.

2.      The Complaint filed in this action is filed in the proper place for trial under Civil Code Section 1780(d) in that a substantial portion of the events alleged in the Complaint occurred in the Northern District of California.

I declare under the penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct and that this declaration was executed at _____, California this _____ day of September, 2022.

*/s/*

**CLASS ACTION COMPLAINT**